IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Mary Penland, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 6:07-3977-HMH-WMC |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |

    This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina,[1] and Mary Penland's ("Penland") motion to set aside forfeiture agreement and stipulation.  Penland, proceeding pro se, filed the instant complaint seeking to void a forfeiture agreement she entered into with the United States on March 14, 2006, in connection with her husband's criminal case, United States v. Charles W. Penland, Cr. No. 7:05-710-HFF.  In his Report and Recommendation, Magistrate Judge Catoe recommends denying Penland's motion for return of property.

    Penland filed objections to the Report and Recommendation.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

1

accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Penland's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate her claims. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Catoe's Report and Recommendation.

In addition, for the same reasons set forth in the Report and Recommendation for denying Penland's motion for return of property, the court denies Penland's motion to set aside the forfeiture agreement and stipulation. Penland's motion goes directly to the ultimate issue of this action, namely the validity of the forfeiture agreement she entered into with the United States, and seeks the very relief sought in her complaint. Therefore, the court construes the motion as a motion for summary judgment and denies the motion. Penland essentially reasserts the allegations made in her complaint and does not demonstrate that she is entitled to judgment as a matter of law.

It is therefore

**ORDERED** that Penland's motion for return of property, docket number 2, is denied. It is further

**ORDERED** that Penland's motion to set aside forfeiture agreement and stipulation, docket number 19, is denied.

**IT IS SO ORDERED.**

           s/Henry M. Herlong, Jr.
           United States District Judge

Greenville, South Carolina
August 5, 2008

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that she has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.