IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Mary Penland, )<br>            )<br>            Plaintiff, )<br>            )<br>vs.        )<br>            )<br>United States of America, )<br>            )<br>            Defendant. )<br>            ) | Civil Action No. 6:07-3977-HMH-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The *pro se* plaintiff filed this action against the United States seeking to void a forfeiture agreement she entered into with the United States on March 14, 2006. The agreement is filed in her husband's criminal case. *United States v. Charles W. Penland*, Cr. No. 7:05-710-HFF. She alleges that she was forced under duress to sign the agreement and that it should be invalidated. She further alleges that her constitutional rights were violated when she was forced to sign the agreement. As relief, the plaintiff seeks the return of her property that she alleges was illegally taken.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The plaintiff filed her complaint on December 11, 2007. The only defendant is the United States of America. An order authorizing service of process was filed on December 14, 2007, and summonses were issued on December 17, 2007. In the order authorizing service of process, this court directed the plaintiff's attention to Federal Rule of Civil Procedure 4(I), which explains the procedure for service of process upon the United

States (12/14/07 order at 1). The rule was set out as a footnote in the order. Rule 4(I) provides in pertinent part:

> **(I) Serving the United States, Its Agencies, Corporations, Officers or Employees.**
>
> (1) United States. To serve the United States, a party must:
>
> (A)(I) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(I).

The plaintiff submitted a letter to the court which was filed on January 2, 2008, stating she had served "The IRS Comm.," "the IRS Attorney," and "The Attorney General of The U.S.A. OR his Process Clerk." In an order filed April 21, 2008, this court noted that the plaintiff's letter did not constitute proof of proper service. Proof of service must be shown by either (1) signed return receipts from each party served, or (2) an affidavit from a process server that all parties have been properly served. Therefore, the court notified the plaintiff that she would have through May 15, 2008, to provide proof of proper service to the court. This court further warned that if such proof was not timely provided, the case would be dismissed (4/21/08 order at 1). On May 7, 2008, the plaintiff moved for an extension of time to provide proof of service. On that same date, this court

granted the motion and extended the deadline for proof of proper service through May 30, 2008.

On May 27, 2008, the plaintiff filed a receipt showing that the Attorney General of the United States was served on May 15, 2008, by certified mail. No other proof of service has been provided by the plaintiff. Rule 4(I) provides that in order to properly serve the United States, a plaintiff must deliver a copy of the summons and complaint to the United States attorney *and* to the Attorney General of the United States at Washington, D.C. Rule 4(i)(1)(A) provides a couple of different methods by which a plaintiff can serve the United States attorney, including by sending a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States Attorney's office. Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is served, the court may on its own motion dismiss the action without prejudice against the defendant or order that service be made within a specified time.

The plaintiff has had two extensions of time[1] within which to properly serve the defendant, but she has failed to properly do so. Based upon the foregoing, this court recommends that this action be dismissed without prejudice.

                                                s/William M. Catoe
                                                United States Magistrate Judge

November 4, 2008
Greenville, South Carolina

---

[1] Rule 4(i)(4) provides that the court must allow a party a reasonable time to cure its failure to serve in two particular situations that are not relevant here: when the party has failed to (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States Attorney or the Attorney General of the United States; or (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee. Fed. R. Civ. P. 4(i)(4).